FILED

DON.CHRISTOPHER TAYLOR
2924 8TH AVE
LOS ANGELES 90018
323-472-5353
Achoni-62002@yahoo.com

2009 JUL -6 PM 4:32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON C. TAYLOR · | Case No.: CV09-4602 JFW (PJW) |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR; |
| Vs. | 1 FASLE ARREST |
| SHERIFF DEPUTY, CHRIS GALASSI, | 2. ASSULT AND BATTERY |
| SHERIFF DEPUTY, T.WOODARD, and the LOS ANGELES COUNTY, | 3. EXCESSIVE FORCE IN MAKING ARREST. |
| SHERIFF'S DEPARTMENT; COMPTON STATION  .., and DOES 1through 10 inclusive. | 4 FASLE IMPRISONMENTS. |
| Defendant | 5. INTENTIONAL INFLICTIONOF EMOTIONAL DISTRESS |

LODGED

2009 JUN 25 PM 3:32
CLERK U.S. DISTRICT COURT
CENTRAL DIS. OF CALIF.
LOS ANGELES

I

COMPLAINT

INTRODUCTION

1. Plaintiff "Don C. Taylor" (herein referred to as plaintiff) brings this action against

all defendants and each of them pursuant to 42 U.S.C. § 1983 and § 1988, but not

limited to Fourth, and Fourteenth Amendment of the United States Constitution as

well redress the deprivation under color of law of plaintiffs' rights, privileges, and

immunities secured by the Constitution of the United States, and all other

applicable amended rights secured in the United States Constitution; including the

deprivation of the rights in First ,fourth, Fifth, and Fourteenth  Amendment of the

Amendment of the United States Constitution; and under common law of California and all other applicable statues known an unknown to plaintiff.

2. Against Sheriff Deputy "Chris Galassi", and Sheriff Deputy "T. Woodard" of the Los Angeles County Sheriff's Department, and all other unknown Deputy's (herein referred to as Defendant's) that supervised ratified condoned and participated in <u>unlawful entry</u>, the <u>humiliation and sadistic beating</u> and the <u>false arrest, false imprisonment,</u> and <u>Excessive force, Assault and Battery, Intentional Infliction of emotional Distress</u> of Plaintiff under the of color of State law.

3. Whereas the defendants and each of them by omission and described acts used Unconstitutional, illegal excessive force on the 'plaintiff' person and property and among other things; effectuating such unlawful entry to "plaintiff" home and herein recklessly "Assault an Battery" on plaintiff person an property, and thereafter falsely Imprisonment of Plaintiff where the plaintiff did not resist such acts and omissions of the defendants and each of them whereas all such acts and omissions were done without probable cause.

4. While plaintiff was repeatedly beat, kick, punched, repeatedly hit with flashlight batter rammed head long into his living wall electrically tazed' with "stun gun" while was handcuffed while laying on his living floor on his living room floor, whereas such use of excessive and unnecessary force was While plaintiff was under restrains and "handed cuffed" as such horrific under taking was in violation of plaintiff's rights to integrity and privacy in his person and among other things.

5. It is further alleged that the individual sheriff's officers as named in the above while in plaintiff home made unreasonable seizure of the person of plaintiff and is further a violation of the plaintiff forth and fourteenth Amendment of the United States Constitution, it is further alleged that such assault and battery of plaintiff

person is customary violations and practices of the Los Angeles County Sheriffs
Department, it is further alleged that thereafter in the above plaintiff was falsely
imprisoned. Further in violation of plaintiff forth and fourteenth Amendment
constitutional rights and all other applicable statutory rights known and unknown
to plaintiff

II

JURISDICTION

6.  This action is brought pursuant 42 U.S.C. § 1983 and § 1988, but not limited to
Fourth, and Fourteenth Amendment of the United States Constitution as well
redress the deprivation under color of law of plaintiffs' rights, privileges, and
immunities secured by the Constitution of the United States, and all other
applicable amended rights secured in the United States Constitution; including the
deprivation of the rights in First, fourth, Fifth, and Fourteenth Amendment of the
United States Constitution; and under common law of California and all other
applicable statues known an unknown to plaintiff.

7.  Jurisdiction of this Court is found and based upon 28 U.S.C. §§ 1331 and
1343(3) (4) but not limited to 28 U.S.C. §§ 1367 under the doctrine of pendant
jurisdiction of this Court to entertain claims arising under State law.

8.  All the action, omissions and events complained of herein took place in the
County of Los Angeles in the City of Compton, and within the venue of this
Court.

9.  At all time relevant to this action the defendants and each of them Los Angeles
County Sheriff's Department THE CITY OF COMPTON is a municipal

corporation within the State of California and at all times employed other defendants named in this complaint.

10. Los Angeles County Sheriff's Department Compton Station is and agency of the City of Compton and function under the umbrella of the City Government. Therefore, the acts and polices of the defendants Deputies and DOES 1through 10 inclusive known to the plaintiff and unknown to plaintiff at the time of incident are in fact the acts and police so of City Government.

11. At all time relevant to this action, defendants Deputy Chris Galassi and defendants Deputy T. Woodard and DOES defendants 1through 10 inclusive

    a.    At all times acting as agent, servants, and employee of Defendants Los Angeles County Sheriff Department.

    b.    These defendants are sued individually and in there official capacity.

12. At all times relevant to this action, defendants DOES are Sheriff Deputies or supervising other Deputies employed by the Los angles County Sheriff Department, these defendants names are currently unknown to the plaintiff and undiscoverable at this time.   Plaintiff will respectfully amend his complaint to state the true of DOES defendants and each of them as soon as possible …it is further noted that Defendants DOES and each of them were employed by the Compton Sheriff department at the time of said incident on June 25, 2008 and were doing the following

    a.    a. At all times acting as agent, servants, and employee of Defendants Los Angeles County Sheriff Department.

     b.    Were the supervising Officers of defendants Deputy Chris Galassi and defendants Deputy T. Woodard and were responsible for there training, supervision, and conduct at the time of said incident had taken place.

     c.    Further they were responsible by law of for enforcing the regulations of the City of Compton for ensuring the Los Angeles County Sheriff departments Deputies were at all time obeying the laws of the United States of California and the United States.

13. At all times relevant the Defendants and each of them named and inclusively named in this complaint were acting under the color of law and pursuant to their capacity and authority as Deputy Sheriff's

14. All the actions in controversy exclusive of interest and costs exceed the sum of $75,000.00.

III

PARTIES

15. Plaintiff "Don Christopher Taylor" (herein referred to as plaintiff), was all material times is a citizen of the United States, and a resident of the County of Los Angeles and is of full age.

16. Defendants and each of them Sheriffs Deputy "Chris Galassi", Sheriff Deputy "T. Woodard" Officers of the Los Angeles County Sheriff Department in the City of Compton located at 301 Willow brook Ave Compton 90220 California.

17. Defendants Deputies were at all times relevant to this complaint duly appointed and acting Officers and or Deputies of the Los Angeles County Sheriff Department of the City of Compton, acting under the color of State law, to wit,

under color of the statues, ordinances, regulation, polices, customs and usages of the Los Angeles County Sheriff Department.

18. At all times relevant hereto and in all of their actions described herein, each defendant and DOES defendants is and was acting under the color of states law, state authority, statues, customs, or usages and pursuant to their official authority.

## IV.

## FACTUAL ALLEGATIONS

19. This action for unlawful entry, assault and battery, unjustifiable use of excessive force, unlawful arrest, false imprisonment, and intentional infliction of emotional.

20. Plaintiff is a 27-year-old "African American Male" who weights approximately 160 pounds "lbs".  Plaintiff is married and a father of "Nine Children"; out of the nine children 'Six" is domicile with his wife and children, one of his children his permanently disable with  "Down's Syndrome".

21. Plaintiff is an inactive "rehabilitated gang member" who has over several years accepts his responsibilities as husband to his wife and father to his children.

22. Plaintiff is self-employed Rap Artist, Poet, Writer, and producer, who performs at variety of clubs across Los Angeles County, such as Hollywood, Santa Monica, and Watts and throughout the community and continues his performing Arts to encourage High school, juror high school and elementary students alike to pursue their dreams.

23. Plaintiff is a born again Christian who regularly attends church with is wife and children his membership is with Salem Missionary Baptist Church in Los Angeles

California in his pursuant to help advance is career and provide for his family he has entertained audience at The Current Affair, Club Gold Finger, The Dragonfly, Platinum Live, the Legendary Mavericks FLAT, House Of Blues, and many more clubs.

24. As proximate cause of the act and omission of said defendant and each of them plaintiff has loss employment and among other things associated with economic and noneconomic damages as loss pleasure and enjoyment as proximate cause of the fore mention incident.

25. Since the illegal beating and among other things at the hands of the above mention Deputies sheriff's, plaintiff has struggled to help provided for his families deprivation needs, plaintiff has loss the full enjoyment and pleasure of his wife after such incident while plaintiff has been under psychological treatment and result of trauma experienced by Los Angeles County Sheriff Department since June 25, 2008.

26. On or about June 25, 2008, plaintiff was his place of residence when plaintiff heard several gunshots just North of the Apartment complex at 813 Rose Ave # C in City of Compton where they were living at the time of the incident.

27. On June 25, 2008; plaintiff was "Bar-Be-quing" stakes on his grill while out-side on the second floor of his apartment complex on his patio, There upon after hearing such gun shots; plaintiff had concerns for the safety of his children, who where on there way home.

28. Plaintiff patio is "which is connected to plaintiff apartment' on the second floor of the apartment unit; thereupon hearing the gunshots plaintiff went inside his

apartment and called "911" while making the phone call, plaintiff accidentally pulled "mal-adjusted" out of the wall, which disconnected plaintiff from the middle of the "911 phone call" apparently the 911 operator received the 911 call unbeknown the plaintiff.

29. Plaintiff states when the cord disconnected he Immediately realized that he needed to flip the meat on the grill on the patio; plaintiff then proceeded out side to the patio, and thereupon and began flipping his meat on his grill; plaintiff states that within no more then five to ten minutes, less then 10 he heard hard and loud knocking what appeared to be coming from his front door.

30. At that time plaintiff looked up and turned around from the grill while flipping the meat and there was standing a Defendant who appeared to be a Male Black Sheriff Deputy with his gun drawn pointing at plaintiff, the Sheriff then commended plaintiff to put his hands up, plaintiff was shocked the element of surprise when plaintiff turned to look at who was knocking his said "What "the F—K up" complying with the Defendants command, plaintiff raised his hands in the air.

31. Plaintiff then asked the officer why do you have your gun pulled out on me, the defendants Deputy then demanded plaintiff to shout up to keep my hands in the air plaintiff complied.

32. While plaintiff hands were in the air plaintiff then proceeded to slowly turn in a complete (300 and 60 degree circle) "showing the officer that" plaintiff did not have any weapons of any kind; plaintiff further states that because he was wearing a long "T-shirt" and did not want to get shot, plaintiff then proceeded, to tell the "Black Male officer" who had his gun drawn and pointing at plaintiff; that he was not armed" and repeatedly told him he was not armed thereupon and with both

hands on the outside of "T-Shirt", plaintiff proceeded to put his hands on his T-Shirt and then pulled his T-Shirt up above his waist to show the officer who was pointing his gun at him that plaintiff was not caring a weapon of any kind.

33. Plaintiff then told the Deputies that he was from "Main Street Crip" gang "not from Compton", hoping this would stop the sheriff's from being so aggressive with him.

34. While at the same time, defendant Deputies Galassi; was still knocking very hard on plaintiff door, the black Male sheriff deputies allowed plaintiff, to go an open the plaintiff front door, plaintiff then went through his siding door from the patio; in side his apartment; plaintiff was afraid of the Deputies conduct, plaintiff proceeded to cut on all of his lights in his apartment; once in his he was allowed plaintiff called his mother, plaintiff states that no one answered the phone, plaintiff then called another relative who did answer there phone .

35. Plaintiff then informed his relative of what was happening at his home with sheriff Officers being there, plaintiff then asked her not to get off the phone because plaintiff was fearing for his life, while all at the same time Deputy Galassi had began knocking beating very hard on plaintiff living room widow; thereupon repeatedly moving from the front door to plaintiff widow and back to plaintiff front door-

36. Plaintiff states that it sounded like sheriff Deputies were going to crack or break plaintiff living room widow too gain entry in his apartment "they were knocking so hard ".

37. Plaintiff states that he then moved back to the outside patio; because of the conduct of both sheriff's and the intensity of the surrounding circumstances, plaintiff states that he called the Deputy Woodard T. <u>"You're a buster" how would you like it"</u> <u>if some came to your home and began pointing a gun at your face.</u>

38. At that point plaintiff went back in side his apartment from the patio; while at the same time plaintiff relative was still listening on the phone, plaintiff asked his relative to stay on the phone, plaintiff then put the phone behind his couch but "it was not hang upped", plaintiff then walked to the front door; and told the "white Male sheriff deputy " <u>" just claim down"</u> while speaking to the deputies through plaintiff bar door, the deputies stated to the plaintiff <u>" just open the door",</u> at that time plaintiff noticed that there was several other sheriff deputies , surrounding his door, subsequently plaintiff states – there were appeared to be more then two deputies but no more then four or five other deputies at his door .

39. Plaintiff states that the deputies continued to command him to open the his front door, plaintiff states Just before opening his bar door; plaintiff quietly whispered through the bar while slightly unlocking the door leach <u>"I was the one who called</u> <u>"yawl".</u>

40. Once plaintiff unlocking his bar door without opening it, plaintiff take about two or four steps back; the Deputies entered plaintiff apartment uninvited, defendant Deputies Galassi, pushed him back two his living room couch, with DOES defendants and then pushed plaintiff over his couch.

41. While defendant "Deputy Woodard T" continued to have his gun drawn and pointed at plaintiff, defendants Deputy Galassi; with the other DOES defendants

attacked plaintiff and began vehemently punching him with there fist in plaintiff face and beating plaintiff with his "flush light" on his arms and body parts, while the others DOES defendants were continuously throwing punches hitting plaintiff in his upper body and face, such punches caused plaintiff to fall backwards over his couch, plaintiff was trying to cover his face and body, to evade some of the hit's, while being repeatedly beat while laying down the deputies and each of them then picked plaintiff up; and throwing plaintiff head long into the his living wall, making two holes ( head prints) in plaintiff his wall such force cracked plaintiff skull creating 1 ¼ inch if not more laceration in the top of plaintiff head open .

42. Such laceration "slip open" plaintiff head requiring treatment at the hospital with (three staple in his the head)... plaintiff then fell on his living room floor; plaintiff while balled crouching position covering and holding his head to reflex the trauma.

43. Defendants DOES and named defendants began kicking and stamping on plaintiff upper body and head, one "Defendant Deputy" kicked plaintiff in his Ribs area fracturing plaintiff Ribs as noted in plaintiff medical report.

44. Plaintiff became unconscious, as result of that portion of beating when plaintiff awakened while laying on his living room floor plaintiff heard neighbors "shouting stop beating him", while on the floor plaintiff yelled out "call my mother"; at that point while plaintiff was under restrains and handcuff on the floor the DOES defendant began again using excessive unnecessary force by using a stun gun on plaintiff person and property, such force caused plaintiff to become plaintiff causing plaintiff to become unconscious once again.

45. Plaintiff relative was listening to the uncontested beating hearing greater part of assault and battery being performed on plaintiff.

46. Out of fear for plaintiff life plaintiff relative called the Venice police department while the beating was taken place, the Venice police department told plaintiff relative to Los Angeles County Sheriff department in the City of Compton were where the beating was taking place.

47. While under arrest when plaintiffs awaken he was in the ambulance chained to the bed thereon he was transported under police escort to Harbor General Hospital.

48. Plaintiff Medical observation determined that plaintiff had suffered laceration to the top of his head (three staples)  "fractured Ribs" abrasions and contusions to is left and lacerations to his elbow from stun gun" busies to his back and left shoulder, "Blunt Head force trauma".

49. On June 26, 2006 while under sedation and on pain medication while in the inmate reception center plaintiff was enter viewed by Detective "Joe Summer".

50. Plaintiff gave the officer his best narrative of the defendant's use of excessive force while on pain medication.

51. On about June 27, 2008 plaintiff was then transported from the hospital to the Lynwood County Jail and was erroneously booked for "assault on a peace officer"

52. After several days of plaintiff imprisonment, plaintiff relative posted bail so the plaintiff could assure proper recovery of his injuries

53. On July 14 2008 the charges were dropped and my case was dismissed, the proceeding terminated, and my bail was exonerated on or about August 08/2008 case number T2550111527.

54. Whereas, plaintiff alleges that he did sustained extensive physical injuries which has taken more then several months heal from his physical wounds to date, psychologically and emotionally plaintiff is still terrified and continuous to suffer from post traumatic stress disorder having nightmares and among other phobias but not limited to and emotional and psychological trauma as a proximate cause of incident on June 25, 2009, plaintiff is under the treating psychiatry and has been in therapy for counseling in dealing with the for above mention . Such cumulative trauma and among other things has staggered plaintiff ability too move forward in most of his daily life activities.

55. Plaintiff have sustained damages in the following manner unlimited to the following 1) loss of contortion with his wife, 2) loss of employment, 3) loss of enjoyment of life and freedom 4) 5) Intentional infliction emotional Distress of and certain other fears associated with fear of reprisal and retaliation by City Officers in the police capacity and among other things, the fear of the Compton Sheriff Department.

56. Plaintiff further alleges that after posting bail and being release plaintiff immediately in with his mother, plaintiff made such move because his family and relatives feared for his life.

57. Plaintiff alleges that after June 25, 2008 incident he move from his pervious address where the incident had taken place; plaintiff then move in with his mother

for more then five moths, with placed and undue burden, while plaintiff had to continuously try and seek to relocate and find a home for his wife and children.

58. As and proximate cause of the defendants conduct which happened on June 25, 2008 plaintiff mother has incurred enormous expenses over such period of time that plaintiff wife and children were staying her in which the plaintiff has not been able to pay her back to date.

    A. As sequence of the abuse of the authority detailed in the above, Plaintiff sustained the damages allege in this complaint.

    B. June 19/2009-While still under treatment and recovering from physical and psychological and emotional wounds plaintiff was final able to confront defendants without fear of retaliation in doing so plaintiff with help was taking down to Los Angeles County sheriff Department in the City of Compton to file his claim with internal affairs with the watch commander. See exhibit 1

    C. On June 24, 2009 plaintiffs file and his untimely claim for damages in reference to City of Compton pursuant to Gov't Code §§ 911.4,911.6,912.2,and 946.6 due to special circumstances with supporting declaration of Don C. Taylor and letter from his doctor. See exhibit 2.

    D. Plaintiff further hereby incorporate exhibit 3- letter of termination of criminal charges erroneously brought against Don C. Taylor Case # TA098202 see exhibit 3.

    E. Plaintiff further hereby incorporates "3 photos" in support of his detailed allegation as described in this complaint of beating on the person of Don. C. Taylor showing the 1) arm bruises, face, shoulder stun gun bruises, 2) cuts to elbow 3) hole in wall where his head was slammed, blood on carpet form Mr. Taylor

bleeding4) three staple placed in his head from laceration from beating slammed into the his wall head long.

## COUNT 1

### VIOLATION OF CONSTITUTIONAL RIGHTS

42 U.S.C. § 1983 and § 1988, but not limited to Fourth, and Fourteenth Amendment of the United States Constitution Against Defendants individual (Sheriff 's Deputies Chris Galassi and T.Woodard)

59. Plaintiff incorporates by references paragraphs 1 through 58.

60. The action of Sheriff's Deputies 'Galassi' and "Woodard" and DOES defendants set forth in paragraphs 19, 21 through 48 violated the rights to be free from unreasonable search and seizure under the above stated constitution and due process of law.

61. The Defendants and each of them are individually libel to plaintiff for those unlawful violations of Plaintiff right's.  Plaintiff unlawful arrest and detention were made under the color of authority of the Defendants Sheriff's Deputies 'Galassi' and "Woodard" and DOES of the Los Angeles County Sheriff Department.

62. As proximate cause and direct result of the acts of Defendants and each of them alleged herein, Plaintiff has suffered damages for medical expensive, in addiction, Plaintiff ahs suffered humiliation, public ridicule, detained on criminal charges.

63. As a result of defendant's conduct and each of them as described in this complaint for damages, plaintiff has incurred loss of earning in an amount to be determined by proof.

64. In acting as alleged in this complaint, plaintiff acted knowingly, willfully, and maliciously and with reckless and callous disregard for plaintiff federally protected rights and among other things.

## COUNT II

### ASSULT AND BATTERY

California Tort Claims - Against Defendants
(Sheriff 's Deputies Chris Galassi and T.Woodard)

65. Plaintiff incorporates by references paragraphs 1 through 64.

66. At the time plaintiff was arrested on June 25, 2008 by Sheriff's Deputies 'Galassi' and "Woodard" and DOES and as specially described in paragraphs 41 through 44 inclusively stated in this complaint. The Defendants repeatedly struck plaintiff with there flush lights, fist, and did throw plaintiff head long battery ramming plaintiff head into his living room walls until plaintiff become unconscious there after plaintiff was handcuffed when plaintiff awake he was again knocked unconscious by the use of unnecessary and unjustified force when DOES defendants used a stun gun on plaintiff.

67. The assaults and battery were carried out intentionally by the defendants Sheriff's Deputies 'Galassi' and "Woodard" and DOES defendants with the expressed purposes of interfering with plaintiff's personal integrity and resulted in a unpermitted, harmful, and offensive contact with plaintiff and thus constitutes assault and battery.

68. As a proximate result of the assault and battery committed by the defendants an each of them Sheriff's Deputies 'Galassi' and "Woodard" and DOES defendants, the plaintiff ahs sustained permanent injuries and ahs incurred medical bills and other expenses. These injuries have cause and will continue to cause plaintiff great pain and suffering, both mental and physical

69. As proximate cause and direct result of the acts of Defendants and each of them alleged herein, Plaintiff has suffered damages for medical expensive, in addiction, Plaintiff ahs suffered humiliation, public ridicule, loss of personal reputation, and emotional distress as a consequence of being arrested, detained on criminal charges there upon several months later all criminal proceedings were terminated

## COUNT III

### EXCESSIVE USE OF FORCE

California Tort Claims - Against Defendants
(Sheriff 's Deputies Chris Galassi and T.Woodard)

70. Plaintiff incorporates by references paragraphs 1 through 69.

71. On June 25, 2008 on the unlawfully entry and the arresting contained in paragraphs 34 through 36 and 41-through 44 Sheriff's Deputies 'Galassi' and "Woodard" and DOES defendants, used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest. While no probable cause existed at the time of his failed 911 call when plaintiff was forced to unlock his bar door plaintiff was attacked and repeatedly struck punched, struck

with fist in his face, kicked in his body ribs, picked up and slammed into the wall head long, and electrically teazsed with stun gun.

72. At all times pertinent to these allegations, plaintiff did not pose a threat of death or grievous body injury to the defendants Sheriff deputies or others

73. Defendants Sheriff 's Deputies Chris Galassi and T. Woodard intentional used excessive force with the intent to inflict unnecessary harm upon the plaintiff as such use of force caused plaintiff physical and mental injuries to date

74. As proximate result of the excessive force committed Sheriff's Deputies 'Galassi' and "Woodard" and DOES defendants plaintiff has incurred Permanente injuries further plaintiff has incurred medical bills and other expenses as named in paragraphs 57 through 59 as set forth.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

California Tort Claims - Against Defendants
(Sheriff 's Deputies Chris Galassi and T.Woodard)

75. Plaintiff incorporates by references paragraphs 1 through 74

76. Defendant' Sheriff's Deputies 'Galassi' and "Woodard" and DOES defendants intentional beat, threat, physically abused and deliberately made up charges against plaintiff in a manner that was extreme plaintiff was then told that if he were to try a suit said defendant that he could be brought back up on erroneously charges that were dismissed such outrages and unjustified conduct caused plaintiff

to suffer and continue to suffer physical and emotional and distress for such defendants Sheriff's Deputies 'Galassi' and "Woodard" or libel for .

77. As proximate cause and direct result of the acts of Defendants and each of them alleged herein, Plaintiff has suffered damages for medical expensive, in addiction, Plaintiff ahs suffered humiliation, public ridicule, loss of personal reputation, and emotional distress as a consequence of being arrested, detained on criminal charges there upon several months later all criminal proceedings were terminated

## COUNT V

### CLAIM AGAISNT LOS ANGELES COUNTY CITY OF COMPTON
California Tort Claims - Against Defendants

78. Plaintiff incorporates by references paragraphs 1 through 64.

79. It is the policy and practices for the City of Los Angeles County City of Compton to employee Sheriff Deputies like Sheriff's Deputies 'Galassi' and "Woodard" and certain DOES defendants

80. Under the State California government Code §§815.2(a) and 820(a), the defendants City Of Compton is liable to plaintiff for the unlawful actions of Deputies named in this lawsuit, particularly because they were acting within the scope of their employment as law enforcement officers of the Los Angeles County Sheriff Department of the City of Compton California.

81. The actions of Sheriff's Deputies 'Galassi' and "Woodard" and DOES defendants as set forth in paragraphs 19,35-39, 41through 44 constitute unlawful entry of

home, unreasonable detention, each and seizure in violation of the right of plaintiff secured by the United States Constitution.

82. Furthermore the action of Sheriff's Deputies 'Galassi' and "Woodard" and DOES defendants as set forth in paragraphs 19,35-39, 41through 44 constitute negligence and or wrongful act in violation of California common law. Further the defendants sheriff's had a duty not to detain him where there was no probable cause for such detaining of him, where he posed no threat of death or grievous injuries to the officers and or others and to not physically harm injure him when he was unarmed and posed no threat as to the same. The sheriff offices had a duty not to force the plaintiff to answers criminal charges for offense he never committed. The sheriff deputies breached there duty repeatedly when were repeatedly doing those things has described in paragraphs as set forth in paragraphs 19,35-39, 41through 44. The sheriff deputies also breached there duty when they erroneous charged to be charged to the court on June 25, 2008 and their after an among other things.

83. The breach of their duty constitutes negligence or wrongful act in violation of California common law and was direct result and proximate cause of pain and suffering. Under California Tort Claim Act, the defendants Los Angels County City of Compton is liable to the plaintiff for the unlawful actions of both Sheriff's Deputies 'Galassi' and "Woodard" were acting within the

## DEMAND FOR JURY TRIAL

84. Pursuant to rule 38 of Rule of Civil procedures, plaintiff demands a trial by jury

Plaintiffs demands judgment against defendants as follows:

1. On the claims stated in paragraphs, (78 through 83) the plaintiff asks the Court to enter Judgment against City of Compton.

2. On the claims stated in paragraphs, (59 through 64) the plaintiff asks the Court to enter Judgment against City of Compton and the defendants.

3. On the claims stated in paragraphs, (59-64,65-69,70-74,75-77,78-53 through 83) the plaintiff asks the Court to enter Judgment against the defendants Sheriff's Deputies 'Galassi' and "Woodard".

4. For the injuries and claims plaintiff suffered as result of the claims stated in paragraphs (59-64,65-69,70-74,75-77,78-53 through 83) the plaintiff asked the Court to hold defendants Los Angeles County Sheriff Department and Sheriff's Deputies 'Galassi' and "Woodard" jointly an severely liable for compensatory damages and the cost of this action.

5. For the claims stated in paragraphs (59-64,65-69,70-74,75-77,78-53 through 83) the plaintiff asks the Court to hold defendants Sheriff's Deputies 'Galassi' and "Woodard" further libel for punitive damages and or exemplary damages; and

6. For all other relief's to which plaintiff is entitled.

Dated this 24th day of June, 2009

DON.CHRISTOPHER
TAYLOR
Db;

# VERIFICATION

I DON C. TAYLOR, verified that I have read the type written compliant which the was help and preparation and by typed Mr. Danny Barnes, computerized typewriting services; after reading the complaint I declare under penalty perjury of the laws in the United States that the foregoing is true and correct.

Wednesday, June 24, 2009

BY _Don C Taylor_

Don C, Taylor

Db.

COMPLAINT FOR DAMAGES - 22

1

---

EXHIBITS 1

# LOS ANGELES COUNTY SHERIFF'S DEPARTMENT 214937
## WATCH COMMANDER'S SERVICE COMMENT REPORT

| Received By | |
|---|---|
| | Mail |
| X | In Person |
| | Telephone |
| | 800 Line |
| | E-Mail/Fax |

Bureau/Station/Facility Receiving Comment: COMPTON  
Report Date: 6/19/06  
URN:  
SC:  
IAB#:

☐ Commendation

[X] Personnel Complaint

☐ Service Complaint

| Commendation | Personnel Complaint | | Service Complaint |
|---|---|---|---|
| ☐ Application to Duties | ☐ Criminal Conduct (All copies to Unit Cmdr) | ☐ Neglect of Duty | ☐ Policy/Procedures |
| ☐ Commendable Restraint | ☐ Discourtesy | ☐ Operation of Vehicles | ☐ Response Time |
| ☐ Exemplary Conduct | ☐ Dishonesty | ☐ Off Duty Conduct | ☐ Traffic Citation |
| ☐ Tactical Excellence | [X] Unreasonable Force | ☐ Harassment | ☐ Other |
| | ☐ Improper Tactics | ☐ Discrimination | |
| | [X] Improper Detention, Search or Arrest | ☐ Other | |

## Reporting Party Information

Last Name: TAYLOR, DON   First Name: C   Middle Name:  
Home Phone: 323 477 5353   Work Phone: 323 731 3097  
Third Party: ☐ Yes [Y] No  
Present at Incident: [X] Yes ☐ No  

Residence: 2924 5TH AVE LA CA 90018   City:   Zip:   Sex: M   Age: 25   Race: B

Has any member of this Department attempted to discourage you in any way from bringing this matter to the attention of the Department? ☐ Yes [X] No   If Yes, Who?

## Involved Party Information (If not Reporting Party)

Last Name:   First Name:   Middle Name:   Home Phone:   Work Phone:  
Residence:   City:   Zip:   Sex:   Age:   Race:

## Contact/Event Information

Date: UNKNOWN JUNE OR JULY 2006   Time: UNK   City or Station Area: COMPTON   RD:  
Location/Address: 813 N ROSE #C  
Synopsis of Incident/Event: RP COMPLAINED OF IMPROPER DETENTION AND ENTRY INTO HIS APARTMENT. HE ALSO COMPLAINED OF UNREASONABLE FORCE BY DEPUTIES. SEE ATTACHED DOCUMENTS AND AUD... [X] See Attached

Was a Supervisor Present? ☐ Yes ☐ No   Last Name:   First Name:   Middle Name:   Rank:

## Witness Information

Last Name: NONE   First Name:   Middle Name:   Home Phone:   Work Phone:  
Residence:   City:   Zip:   Sex:

## Involved Employee Information

Last Name: WOODARD   First Name:   Middle Name:   Work Phone: 310 605 6505   Sex: M   Race: B   Age:   Height:   Weight:

## Employee Witness Information

Last Name:   First Name:   Middle Name:   Last Name:   First Name:   Middle Name:

## Watch Commander (Person Completing Report)

Print Full Name: MIKE ALDRICH   Employee No.: 213408   Signature:

## Distribution

| WHITE – PTD Hdqtrs | CANARY – Unit Commander | PINK – Division Hdqtrs | GREEN – Reporting Party |
|---|---|---|---|

Complainant Advisor

# LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
## ADDITIONAL INVOLVED EMPLOYEES CONTINUATION SHEET

| Bureau/Station/Facility: Compton | SCR/EIC#: 214937 |
|---|---|

**Additional Involved Employee Information**

| Last Name: Galassi | First Name: Chris | Middle Name: | Work Phone: | Sex: M | Race: W | Age: |
|---|---|---|---|---|---|---|

Unit of Assignment: Compton — Height: — Weight:

Employee #: 472773 — Work Assignment (Unit #, Module, etc.): — EM Shift ☐ — Day Shift ☐ — PM Shift ☒ — Regular Shift ☒ — O.T. Shift ☐ — Off Duty ☐

*(Remaining employee entry blocks are blank)*

SH-R-437B-Rev 10/98

**LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**
**CLAIM FOR DAMAGES TO PERSON OR PROPERTY**

**INSTRUCTIONS:**
1. Read entire claim thoroughly.
2. Fill out the claim completely.
3. This claim form must be signed.
4. Submit original signed copy.
5. Photocopies made be made for your records.

**WARNING**
- Claims for death, injury to person or to personal property must be filed no later than 6 months after the occurrence.
  (GOV. CODE SECTION 911.2)
- All other claims for damages must be filed no later than one year after the occurrence.
  (GOV. CODE SECTION 911.2)
- Subject to certain exception, you have only six months from the date of written notice of rejection of your claim to file a court action.
  (GOV. CODE SECTION 945.6)
- If written notice of rejection of your claim is not given, you have 2 years from accrual of the cause of the action to file a court action.
  (GOV. CODE SECTION 945.6)

TIME STAMP HERE
FOR OFFICE USE ONLY

**1. WHEN AND WHERE DID DAMAGE OR INJURY OCCUR?**

| DATE: | TIME: | STREET ADDRESS OR LOCATION: | CITY: | ZIP: |
|---|---|---|---|---|
| 6/25/08 | UNK | 813 N. ROSE AVE # C | COMPTON | |

**15. WERE THE PARAMEDICS CALLED?**   Y...

**2. NAME(S) OF SHERIFF PERSONNEL INVOLVED:**

| NAME: | STATION / FACILITY: |
|---|---|
| CHRIS GALASSI | COMPTON |
| NAME: | STATION / FACILITY: |
| T. WOODARD | COMPTON |

**16. DID THE CLAIMANT VISIT A PHYSICIAN?**
PHYSICIAN'S NAME:

ADDRESS/(PHONE):

DATE OF VISIT:

**3. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED:**
**(Use attachments if necessary)**
~~claimant made 911 call to the sheriff department after hearing gunshots in the surrounding area, but claimant phone accidently hang-up, the~~
claimant inadvertently failed call 911 back, Compton Sheriffs department responded to call came to clamant home forced entry violated
claimant constitutional rights and among other things, false arrest , with the use of excessive force while making arrest ,assult and battery,
false imprisonment the was erroneously charged with assault of peace officer, the claimant bail out of jail on August 2008 the charges
were dismissed.

**4. ~~WHY DO YOU CLAIM THE SHERIFF'S DEPARTMENT IS RESPONSIBLE?~~** FORCE ENRTY TO HIS HOME , FASLE
~~SHERIFF CLAIMANT VIOLATED CONSTITUTIONAL~~ ARREST, USING EXCESSIVE FORCE IN MAKING ARREST,  ASSUALT & BATTRY IMPRISONING HIM BY SHERIFF
DEPUTY GASLASSI AND T.WOODARD OF COMPTON SHERIFF STATION

**5. LIST DAMAGES INCURRED TO DATE (Attach Copy of Receipts & Repair Estimates)**

BEATEN UP, KNOCKED OUT SUFFERED LACARATION IN HEAD THREE STAPLE TO
CLOSE WOUND STUN GUN,CUTS BRUISES ON BODY

**17. WITNESS TO DAMAGE OR INJURY?**
NAME:
ADDRESS:
CITY/PHONE:

NAME:
ADDRESS:
CITY/PHONE:

**6. SHERIFF'S DEPARTMENT FILE OR REPORT#**   408-11624-2822-058

**7. NAME OF CLAIMANT (Print Clearly)**
DON CHRISTOPHER TAYLOR

**8. DRIVER'S LICENSE OR I.D. #**
D5000927

**9. DATE OF BIRTH** | **10. SOCIAL SECURITY #**
8/11/80 | 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

**11. Booking Number (if applicable)**
TA098202

**12. CORRESPONDENCE ADDRESS - (STREET, CITY, STATE, ZIP)**
2924 8ᵗʰ Ave   Los Angeles Ca. 90018

**13. HOME PHONE (or phone you can be contacted at)** | **14. BUSINESS PHONE**
323 472-8353 | ( )

**TOTAL DAMAGES TO DATE**
$  unk

**TOTAL ESTIMATED DAMAGES**
$  4.5 million

**THIS CLAIM MUST BE SIGNED**
**NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SEC. 72.)**

**18. SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF:**
Don C Taylor

**19. PRINT OR TYPE NAME**
DON C. TAYLOR

**DATE**

Deliver or mail to Executive Officer, Board of Supervisors, County of Los Angeles, Room 383, Kenneth Hahn Hall of Administration, 500 W. Temple St. LA, CA 90012

SH-AD-672

1

EXHIBITS 2

1  DON.C. TAYLOR
2  2924 8TH AVE
   LOS ANGELES 90018

3

4

5  **IN THE MATTER OF THE**                    )   Case No.:
                                                )
6  **APPLICATION**                              )   **DECLARATION AND APPLICATION**
                                                )   **FOR LEAVE TO PRESENT LATE**
7  DON C. TAYLOR et al.,                        )   **CLAIM BY DON C.TAYLOR PURSAUNT**
                                                )   **TO GORVERMENT CODE § 911.4, 911.6,**
8          Plaintiff,                           )   **912.2 AND 946.6 DUE TO SPECIAL**
                                                )   **CIRCUMSTANCES**
9      vs.                                      )
                                                )
10 SHERRIFF DEPUTY, CHRIS GALASSI,              )
   SHERRIFF DEPUTY, T.WOODARD, and the          )
11 LOS ANGELES COUNTY, SHERRIFF                 )
   DEPARTMENT; COMPTON STATION et               )
12 al.,
13         Defendant
                              _____

14

15

16 TO THE CITY OF LOS ANGELES COUNTY OF CALIFORNIA

17

18     1.  This Application is hereby made, pursuant to all of the above applicable Government

19         Codes, respectfully requesting leave to present a late claim on causes of action for police

20         misconduct and among other things, this claim arises from incident which happen on

21         June 25, 2008 in the city of Compton, where claimant after hearing gun shot in his

22         neighborhood called 911, fearing for the safety of is children's whom he believed was in

23         the area the time , when application began making the 911 his maladjusted phone cord

24         was  accidentally disconnected, while  at the same time application was cooking meat on

25         his patio grill  which is adjacent to his apartment.  Unbeknown the application the sheriff

26         arrived within less then ten minutes of the disconnected 911 phone call, whereas after

27         several words exchanged about why the Deputies came having there guns drawn on

28         application, sheriff's Deputies subsequently made force entry into application home.

2. Their upon began beating, kicking, slamming the application head into his living room wall; causing laceration to the top of application head, but not limited to bruise, cuts, and other laceration on the elbow of applications body and arm, thereafter knocking application unconscious as direct result of the beating, at that time the Sheriff's restrained and detained and handcuff the application, when the application awake and yelled call my the officers further used unnecessary force by using a stun gun on the application again knocking him unconscious

3. Application was falsely arrested and imprisoned, there after on or about August 2008 charges dismissed.

4. As direct result of the date of incident the Application has been suffering from Post traumatic Stress Disorder and has been unable to commence presenting a claim an or timely file these charges in a timely manner.   The application is respectfully asking City Attorney to accept as other wise untimely charges as timely, as such due to extenuating circumstances, application has had to have help in preparing all is court documents and other paper work in regard to legal matter.

5. Please see application letter from his treating psychiatrists.


PLEASE SEE ATTACHMENT OF SUPPORT THEREOF

I declare under penalty and perjury under the law of stated California that the above statement is true and correct.



Dated this 24th day of June, 2009

**DON. CHRISTOPHER**
**TAYLOR** ᗝᏒ
**Db;**

1

EXHIBITS 3













FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Don C. Taylor<br><br>PLAINTIFF(S)<br><br>v.<br><br>Sherriff Deputy, Chris Galassi, Sheriff Deputy, T. Woodard, and the Los Angeles County, Sheriff's Department; Compton Station, and Does 1 through 10 Inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-4602 JFW (PJW)<br><br><br>SUMMONS |

TO:     DEFENDANT(S): FOR OFFICE USE ONLY

A lawsuit has been filed against you.

        Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


                                                    Clerk, U.S. District Court

    Dated: 7/6/09 _____            By: J. Szabo
                                                    SEAL
                                                    Deputy Clerk

                                                    *(Seal of the Court)*


*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE C